UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX OBERTMAN, | No. 2:19-cv-02487-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| ELECTROLUX HOME CARE PRODUCTS, INC., | |
| Defendant. | |

   In this putative class action seeking damages for allegedly defective dehumidifiers, the parties dispute whether or not to bifurcate discovery into a class certification phase followed by a merits phase.

   Plaintiff filed this action on December 12, 2019. Compl., ECF No. 1. Defendant filed a motion to dismiss on March 4, 2020, ECF No. 7, which is still pending. The suit arises from a central claim that certain Frigidaire Dehumidifiers including model numbers FFAD3033R1, FFAD5033R1, FFAD7033R1 (collectively, the "products" or "dehumidifier"), suffer from a design defect that causes them to display an "F0" error message on the products' control panel, rendering the products "completely useless." First Am. Compl. ("FAC") ¶ 1, ECF No. 12.

   On May 15, 2020, the court held a scheduling conference in addition to hearing oral argument on defendant's pending motion to dismiss, ECF No. 14. ECF No. 19. With respect

to scheduling the case, the parties raised the issue of phasing discovery, on which they could not reach an agreement, and the court granted the parties 14 days to file supplemental statements citing authority relevant to this case and short argument, or any stipulation the parties may reach. *See id.* The court confirmed it is aware of the parties' proposed dates, and that once the court resolves the issue of phasing, it will set further dates depending on how the court resolves the phasing issue. *Id.*

The parties did not reach a stipulation and instead each filed supplemental briefs on the issue of phasing. Def.'s Suppl. Br., ECF No. 21; Pl.'s Suppl. Br., ECF No. 22. After considering the parties' arguments, the court finds bifurcation of discovery is not appropriate in this case and so will schedule the case accordingly.

I. LEGAL STANDARD

"The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (citation omitted). In exercising this discretion, courts consider: "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *Id.* (citation omitted).

II. ANALYSIS

Here, defendant argues bifurcation of discovery will promote efficiency and fairness, because it will prevent defendant from having to engage in costly class-wide merits-based discovery when plaintiff's case may never get past the class-certification stage. *See generally* Def.'s Suppl. Br. Plaintiff argues that discovery regarding merits and class certification will overlap substantially, especially given that plaintiff alleges the class members were all harmed by the exact same defect in defendant's dehumidifiers, and therefore bifurcation will unnecessarily delay the case and waste the court's time with myriad discovery disputes. *See generally* Pl.'s Suppl. Br.

The Supreme Court's landmark decision in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), does require a trial court to engage in a "rigorous analysis[ ] that the prerequisites of Rule 23(a) have been satisfied" when deciding the issue of class certification. *Id.* at 351. This analysis frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057 FMO SPX, 2018 WL 501413, at *4 (C.D. Cal. Jan. 5, 2018) (quoting *Dukes*, 564 U.S. at 3519) (citing, *inter alia*, *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."). Accordingly, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." *Id.* (quoting *Chen–Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299–300 (S.D.N.Y. 2012) (collecting cases)); *see also Munoz v. PHH Corp.*, No. 1:08–cv–0759–DAD–BAM, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."). As one sister court has pointed out, "[s]eparating merits and class discovery raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two," and can sometimes "thwart[] the informed judicial assessment that current class certification practice emphasizes," *Ahmed*, 2018 WL 501413 at *3 (citations omitted). This court has been reluctant to draw a bright line separating class certification from merits discovery; when the parties agree to a flexible approach, it has encouraged frontloading class certification discovery with overlap as appropriate to avoid duplication, without providing for bifurcation.

Here, the court finds the concerns other courts have addressed regarding separating class and merits discovery are present in this case, such that bifurcation of discovery is unwarranted. The merits of this case appear to overlap substantially with issues that will be raised on class certification, including whether plaintiff is an adequate representative of the class despite having disposed of the offending product before initiating this lawsuit, *see* Def.'s Suppl.

3

Br. at 3.  Furthermore, as explained above, bifurcating discovery risks prejudicing plaintiff, who must meet a high burden to show certification of the class is proper.  Accordingly, the court hereby DECLINES to bifurcate discovery, in the interest of fairness, efficiency and judicial economy.

III.     CONCLUSION

Defendant's request to bifurcate discovery is DENIED.  The court will issue a schedule for the case shortly, based on the parties' joint status report, ECF No. 17, and their discussion at the scheduling conference, ECF No. 19.

IT IS SO ORDERED.

DATED:  June 17, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4