UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX OBERTMAN, | No. 2:19-cv-02487-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| ELECTROLUX HOME CARE PRODUCTS, INC. | |
| Defendant. | |

   In this putative class action over allegedly defective dehumidifiers, defendant moves to dismiss several of plaintiff's claims under Rule 12(b)(6). Mot., ECF No. 14. For the reasons discussed below, the court GRANTS defendant's motion in part and DENIES it in part.

I.  BACKGROUND

   This putative class action arises from one central claim: certain Frigidaire Dehumidifiers including model numbers FFAD3033R1, FFAD5033R1 and FFAD7033R1 (collectively, the "products" or "dehumidifier"), suffer from a design defect that causes them to display an "F0" error message on the products' control panel, rendering the products "completely useless." First Am. Compl. ("FAC") ¶ 1, ECF No. 12. Plaintiff alleges in 2017 he purchased a Frigidaire dehumidifier, manufactured by Electrolux, from Best Buy for roughly $400. *Id.* ¶ 3. According to the complaint, prior to purchase plaintiff reviewed the packaging, which advertised the product was a dehumidifier, and relied on the packaging to decide whether to purchase the

1

product. *Id.* ¶ 5. Roughly a year after he purchased the dehumidifier, an "F0" error message appeared on the product's screen, and it stopped working. Id. ¶ 4. Plaintiff then disposed of the product because it was "useless." *Id.* Plaintiff contends defendant knew of the defect at the time plaintiff purchased the product. *Id.* ¶ 88.

Plaintiff filed this action on December 12, 2019. Defendant filed a motion to dismiss on March 4, 2020, ECF No. 7, and, in response, plaintiff filed the operative first amended complaint, FAC, ECF No. 12. Defendant filed the instant motion to dismiss the first amended complaint on April 8, 2020, Mot., plaintiff filed an opposition, Opp'n, ECF No. 16, and defendant replied, Reply, ECF No. 18.

Plaintiff asserts six claims against defendant individually and on behalf of a class of all other similarly situated purchasers for: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et. seq.*; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210; (3) unjust enrichment; (4) breach of implied warranty under the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.* and Cal. Com. Code section 2314; (5) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, and (6) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. *See generally* FAC. Defendant moves to dismiss claims one through five. *See generally* Mot. For the reasons below, the court GRANTS defendant's motion in part and DENIES it in part.

II.     LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required at the pleading stage, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the complaint must contain more than conclusory or formulaic recitations of elements, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter" to make the alleged claim at least plausible. *Ashcroft*, 556 U.S. at 678; *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114,

1122 (9th Cir. 2013) (explaining plausibility requires that the complaint depict a cognizable legal theory and sufficient factual allegations to support that theory) (citation omitted). Aside from external facts properly subject to judicial notice, the court restricts its analysis to the face of the complaint, construing the complaint in plaintiff's favor and accepting well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

III.   ANALYSIS

   A.   Fraud and Consumer Protection Claims

Plaintiff's UCL, CLRA and FAL claims are premised on the allegation that defendant knew of an alleged defect in the Frigidaire dehumidifier, but knowingly concealed that information from consumers. *See* FAC ¶¶ 14–17. "Accordingly, the complaint must satisfy the heightened pleading standards of Rule 9(b)." *Eisen v. Porsche Cars N. Am., Inc.*, No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (citing *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125–27 (9th Cir. 2008) (CLRA and UCL claims must satisfy Rule 9(b) where premised on allegations a defendant knew of a defect in its product, took steps to conceal defect from consumers, and failed to disclose defect). Defendant argues the court should dismiss plaintiff's CLRA, UCL and FAL claims, because plaintiff has not adequately pled defendant "knew of the alleged defect at the time he bought the dehumidifier," Mot. at 12, a requirement for UCL, CLRA and FAL claims, *see Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012); *VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009), and because "plaintiff has not pled his fraud-based claims with the requisite particularity," Mot. at 17. As set forth below, the court finds plaintiff has sufficiently alleged defendant's pre-sale knowledge of the defect at this stage and has pled his fraud claims with the requisite particularity under Rule 9(b).

      1.   Defendant's Knowledge of Defect

Rule 9(b) provides "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Therefore, defendant's "knowledge need only be alleged generally, with non-conclusory, plausible allegations." *Luong v. Subaru of Am. Inc.*, 2018 WL 2047646, at *5 (N.D. Cal. May 2, 2018); 5A C. Wright & A. Miller, Fed. Prac. &

3

Proc. Civ. § 1301 (4th ed. 2020) ("A rigid rule requiring the detailed pleading of a condition of mind … would run counter to the general 'short and plain statement of the claim' mandate in [F.R.C.P.] 8(a) . . . .").

Courts disagree on whether consumer complaints "in and of themselves adequately support an inference that a manufacturer was aware of a defect[.]" *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012). In *Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017), however, the Ninth Circuit clarified that consumer complaints may support an allegation of presale knowledge of a defect in some circumstances. *Id.* at 1027. The court clarified that its previous holding in *Wilson*, did not foreclose the use of consumer complaints to show knowledge, but "absent dates to indicate that the complaints were made pre-sale, and some evidence that defendant actually received the complaints, it would be speculative at best to find that the defendant knew of the alleged defect." *Id.* at 1027.

District courts have also found consumer complaints sufficient where plaintiff alleges facts indicating defendant was aware of the complaints at the time plaintiff purchased the item. *Compare Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *15 (C.D. Cal. Apr. 13, 2017) (finding plaintiffs did not adequately allege knowledge when plaintiffs did not plead facts indicating defendant was aware of particular complaints or monitored particular websites), *with Borkman v. BMW of N. Am., LLC*, No. CV 16-2225 FMO (MRWx), 2017 WL 4082420, at *5 (C.D. Cal. Aug. 28, 2017) (finding plaintiff sufficiently alleged defendant's knowledge of defect through consumer complaints to defendant's dealers and on third-party websites, aggregate data from dealers, consumer complaints to the National Highway Traffic Safety Administration (NHTSA) and resulting notice from NHTSA, dealership repair orders, and other internal sources of aggregate information about defect); *Long v. Graco Children's Prods. Inc.*, No. 13-cv-01257-WHO, 2013 WL 4655763, at *6 (N.D. Cal. Aug. 26, 2013) (finding plaintiff sufficiently alleged defendants' knowledge of defects because consumers had complained directly to defendants, defendants had responded, and defendants had told NHTSA they were "keenly aware" of issue).

/////

Here, the FAC quotes specific complaints about the F0 error causing the products to cease functioning that both pre-date his purchase and were submitted directly to defendant's own website, Frigidaire.com.  *See* FAC ¶¶ 18–45.  The majority of these pre-purchase customer complaints, as pled, confirm the customer spoke with an employee of defendant over the phone concerning the defect, or they confirm an agent of defendant specifically responded to the complaint shortly after it was posted, if not both.  *See* Opp'n at 8–9; *see, e.g.*, FAC ¶ 19 (customer spoke to defendant over phone concerning defect), ¶ 22 (defendant responded to complaint shortly after it was posted).  Furthermore, plaintiff alleges specific examples of a significant number of similar complaints about the issue on the websites of the products' top retailers and alleges defendant would have been aware of the issue due to product returns, replacements or requests for refunds as a result of these complaints.  Opp'n at 13 (citing FAC ¶¶ 48–88).  The significant number of complaints pre-dating plaintiff's purchase, the alleged responses by defendants' agents to those complaints, the fact many of the complaints were posted on defendants' own website, and the many similar complaints on top retailers' websites is sufficient, in combination, to allege defendant's knowledge at this stage.  *Cf. Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-CV-00698-KJM-CKD, 2019 WL 2249605, at *6 (E.D. Cal. May 24, 2019) (finding consumer and NHTSA complaints insufficient to show knowledge because complaint did "not allege how or where these complaints were made, or otherwise allege how defendants could have been aware of them" and only three complaints predated plaintiff's purchase of the product).

Defendant argued at hearing the complaints are insufficient because they are about a "safety feature" not a "defect."  However, the court finds plaintiff's allegations and alleged consumer complaints about an F0 error code appearing on an electronic display and the unit simultaneously not functioning are sufficient to plead there is a "defect" at issue for purposes of withstanding a motion to dismiss.  *See, e.g.*, FAC ¶ 29 ("Over 3 years ago, another consumer stated that 'this Frigidaire unit lasted exactly 1(one) yr. Unit quit working with a [sic] error code 'F0.'").  Whether the F0 error code is more properly characterized as a safety feature is an issue more appropriately resolved on summary judgment, not on a motion to dismiss.

2. <u>Requisite Level of Particularity</u>

Next, defendant argues plaintiff's fraud-based claims do not meet Rule 9(b)'s pleading requirement because (1) plaintiff fails "to articulate the who, what, when, where, and how of Electrolux's allegedly fraudulent conduct," Mot. at 18, (2) plaintiff's FAL claim does not identify an affirmative misleading statement, *id.*, (2) "Plaintiff's fraud-based claims fail to adequately plead actual reliance," *id.*, and (3) plaintiff "fails to identify any unfair conduct," *id.* at 19. The court addresses these arguments below.

a. <u>Fraudulent Conduct</u>

When a claim is "grounded in fraud," the whole claim must be pleaded such that it satisfies the particularity requirement of Rule 9(b). *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 993 (E.D. Cal. 2012) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009)). "[T]he Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud," and therefore it must be pleaded with Rule 9(b) particularity. *Kearns*, 567 F.3d at 1127. Moreover, "[t]he Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Id.* at 1125 (citation omitted). Rule 9(b) requires that "the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1124 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Ness v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

However, "alleging fraudulent omission or concealment," as plaintiff does here, "is somewhat different from pleading an affirmative misrepresentation in that a plaintiff cannot generally plead either the specific time of an omission or the place it occurred." *Stewart v. Electrolux Home Prods.*, 304 F. Supp. 3d 894, 906 (E.D. Cal. 2018) (citing *Falk v. General Motors*, 496 F. Supp. 2d 1098 (N.D. Cal. 2007) ("Clearly, a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as

6

would a plaintiff in a false representation claim.")). "Despite this distinction, claims sounding in fraud, even concealment or omission claims, still must be pled with particularity" by "describ[ing] the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Id.* (citing *Eisen v. Porsche Cars N.A., Inc.*, No. 11–cv–9405 CAS (FEMx), 2012 WL 841019, at * 3 (C.D. Cal. Feb. 22, 2012)).

Here, plaintiff bases his fraud claims primarily on the contention that defendant "made partial representations to Plaintiff and class members while suppressing the Products' defective nature," specifically "by displaying the Products and describing their features, the product packaging implied that the Products were suitable for use as dehumidifiers, without disclosing that they had a critical defect that could result in the Products being rendered completely useless." FAC ¶ 16. This description is sufficient to put defendant on notice of what was omitted, namely the alleged defect, and where it should have been included, that is on the products' packaging. Furthermore, plaintiff also adequately pleads his reliance on the packaging as well as the approximate date plaintiff purchased the dehumidifier, saying:

> Mr. Obertman reviewed the Product's packaging prior to purchase. Defendant disclosed on the packaging that the Products were dehumidifiers and described features typical of dehumidifiers but did not disclose the defect. Had there been a disclosure, Mr. Obertman would not have bought the Product because the defect would have been material to him, or at the very least, he would have purchased the product at a substantially reduced price. Mr. Obertman relied on the packaging in making his purchase decision.

FAC ¶ 5. This is sufficient to meet Rule 9(b)'s requirements. *See Falk*, 496 F. Supp. 2d at 1099 (finding fraud adequately pleaded where defendant failed to disclose faulty speedometer).

Accordingly, defendant's motion to dismiss plaintiff's fraud claims on these grounds is DENIED.

/////

/////

/////

7

b.     FAL Claim

As to plaintiff's claim under California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*,[1] in particular, defendant argues the claim "is not cognizable when based solely on an omission of material information." Mot. at 18 (citing *Stewart*, 304 F. Supp. 3d at 907–08).

The FAL proscribes "mak[ing] or disseminat[ing] . . . any statement . . . which is untrue or misleading, and which is known, or by the exercise of reasonable care should be known, to be untrue or misleading . . ." "with intent directly or indirectly to dispose of real or personal property." *Stewart*, 304 F. Supp. 3d at 906 (quoting Cal. Bus. & Prof. Code § 17500). To adequately plead a deceptive advertising claim, "Rule 9(b) requires that the plaintiff or plaintiffs identify specific advertisements and promotional materials; allege when the plaintiff or plaintiffs were exposed to the materials; and explain how such materials were false or misleading." *Takano v. Procter & Gamble Co.*, No. 2:17-CV-00385-TLN-AC, 2018 WL 5304817, at *8 (E.D. Cal. Oct. 24, 2018) (citation omitted). Because plaintiff's FAL claim is predicated on a theory of omission, "plaintiffs must identify an actual affirmative statement by Electrolux that was made false by the omission of some material fact." *Stewart*, 304 F. Supp. 3d at 908 (citing *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1023 (N.D. Cal. 2016) ("[A] plaintiff may state a claim under the FAL if the defendant actually made a statement, but omitted information that undercuts the veracity of the statement."), *aff'd*, 891 F.3d 857 (9th Cir. 2018); *but see Hodsdon*, 162 F. Supp. 3d at 1023 (noting split in district court opinions and acknowledging "[m]any courts have held a plaintiff who asserts that a business omitted a material fact in its advertisements, labels, or literature has not stated a claim under the FAL.") (collecting cases).

/////

---

[1] "It is unlawful for any person, firm, corporation or association . . . with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate . . . in any newspaper or other publication, or any advertising device, . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ." Cal. Bus. & Prof. Code § 17500.

8

1           Defendant is correct that plaintiff does not identify any actual affirmative
2   statement made by Electrolux that was rendered false by the omission of some material fact.
3   Plaintiff falls just short of pleading a specific statement, saying that "by displaying the Products
4   and describing their features, the product packaging implied that the Products were suitable for
5   use as dehumidifiers."  FAC ¶ 16.  He provides no further detail about the packaging, however.
6   *Id.*  This is insufficient to put defendant on notice of the precise representations plaintiff claims
7   were false and misleading.  *See Stewart*, 304 F. Supp. 3d at 908 (granting motion to dismiss
8   where plaintiff alleged "only generally that Electrolux, through 'advertising, marketing and other
9   publications, [made] statements that were untrue or misleading'"; if claim based on "express
10  statements in the warranty . . . the complaint must specifically identify these statements so that
11  Electrolux has sufficient notice of the representations Plaintiffs claim were false and
12  misleading"); *Landen v. Electrolux Home Prod., Inc*., No. CV 13-1033 DSF (SHX), 2013 WL
13  12145506, at *1–2 (C.D. Cal. Apr. 29, 2013) (granting motion to dismiss FAL claim where
14  plaintiff alleged false advertising claim based on defendant's "promot[ing] the washers as fit for
15  ordinary use," because plaintiff provided "only the broadest sketch of the types of statements and
16  advertising that he claims were false or fraudulent" and "[a]dditional specificity is required").
17           Accordingly, plaintiff has not sufficiently pleaded its FAL claim and the claim is
18  DISMISSED, but with leave to amend, *see* Fed. R. Civ. P. 15(a); *Leadsinger, Inc. v. BMG Music*
19  *Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (noting leave to amend freely given, except where there
20  is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated
21  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
22  party by virtue of allowance of the amendment, [or] futility of amendment"). !!
23                      c.      <u>Actual Reliance</u>
24           Defendant argues plaintiff's "fraud-based claims also fail to adequately plead
25  actual reliance."  *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 969–70 (S.D. Cal. 2016) (citing, *inter*
26  *alia*, *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1018 (N.D. Cal. 2013) ("[N]one of the
27  Plaintiffs presents evidence that he or she even saw, let alone read and relied upon, the alleged
28  misrepresentations[.]").  Specifically, defendant argues plaintiff "fails entirely to allege that he

1   saw or read, much less relied on" any false advertising.  Mot. at 19.  However, plaintiff alleges

2   he:

> reviewed the Product's packaging prior to purchase. Defendant disclosed on the packaging that the Products were dehumidifiers and described features typical of dehumidifiers but did not disclose the defect. Had there been a disclosure, Mr. Obertman would not have bought the Product because the defect would have been material to him, or at the very least, he would have purchased the product at a substantially reduced price.  Mr. Obertman relied on the packaging in making his purchase decision.

FAC ¶ 5.  This paragraph sufficiently alleges plaintiff "saw or read" the product packaging and that he relied on it in deciding to purchase the product.  Plaintiff has adequately pleaded reliance and defendant's argument for dismissal is unavailing.  *See Falk*, 496 F. Supp. 2d at 1099 (finding plaintiffs pleaded reliance by pleading "a 'reasonable customer' would not have paid the asking price had it been disclosed that the speedometer was defective; similarly, this same customer may have justifiably relied on [defendant's] failure to disclose defects in the speedometer").

d.   Unfair Conduct (UCL Claim)

Defendant also argues the court must dismiss plaintiff's fraud-based claims, particularly his claims made invoking California's Unfair Competition Law, because the claims "fail to identify any unfair conduct."  Mot. at 19.  Specifically, defendant argues plaintiff's allegations that the dehumidifiers stop working within the "usual lifespan" of a dehumidifier do not allege "unfair conduct" because plaintiff does not allege what the "useful lifespan" of a dehumidifier is, nor that the dehumidifiers will fail during the term of the applicable warranties. *Id.* at 20.

There is some confusion in the law over the applicable test for "unfair" conduct following the California Supreme Court's decision "that any finding of unfairness to competitors under section 17200 [must] be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition," in *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186–87 (1999).  *See Davenport v. Litton Loan Servicing, LP*, No. C 10-0679 RS, 2011 WL 13137950, at *6 n.4 (N.D. Cal. June 3, 2011) (explaining differing interpretations among district courts over how this holding affects UCL claims by consumers).

While aware of this authority, this court has consistently applied the traditional test for a consumer claim: "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *See Espineli*, 2019 WL 2249605, at *9 (quoting *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)). Defendant has not offered any authority suggesting this approach is in error.

The determination whether a practice is unfair "is one of fact which requires a review of the evidence from both parties[,]" and "thus cannot usually be made on [motions to dismiss.]" *McKell*, 142 Cal. App. 4th at 1473. Here, the allegations are sufficient to survive defendant's motion to dismiss. Plaintiff alleges defendants knew the F0 defect rendered the products useless, and yet falsely advertised them as useable dehumidifiers. Plaintiff further alleges these "unscrupulous" acts caused injury to consumers that outweigh any benefits, pleading. *See* FAC ¶ 122. Defendant's motion to dismiss on this basis is DENIED.

      e.      Conclusion

For the foregoing reasons, plaintiff's fraud claims are pled with the requisite particularity under Rule 9(b), with the exception of the claim under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*, which the court DISMISSES with leave to amend.

    B.    Unjust Enrichment Claim

Defendant argues plaintiff's unjust enrichment claim cannot survive, because unjust enrichment is not a stand-alone cause of action in California, but rather "the theory underlying a claim that a defendant has been unjustly conferred a benefit though mistake, fraud, coercion, or request." Reply at 10 (citing *Resnick v. Hyundai Motor Am., Inc.*, 2017 U.S. Dist. LEXIS 67525, at *68 (C.D. Cal. Apr. 13, 2017). Defendant concedes courts sometimes treat unjust enrichment claims as quasi-contract claims seeking restitution, *see id.* at 11, but argues such a claim is not cognizable here, because plaintiff was provided with an express warranty, and an express contract between the parties prevents a claim based on quasi-contract. *Id.* (citing *Rutherford Holding LLC v. Playa Del Rey*, 223 Cal. App. 4th 221, 231 (2014) (action based on quasi-contract "cannot lie where there exists between the parties a valid express contract covering

the same subject matter" unless express contract is void or was rescinded).  Plaintiff argues the Ninth Circuit has rejected the argument that unjust enrichment claims are not cognizable as a claim and says he has adequately alleged an unjust enrichment claim.  Opp'n at 20 (citing *Jordan v. Wonderful Citrus Packing LLC*, 2018 WL 4350080, at *4 (E.D. Cal. Sept. 10, 2018) (holding "bases for a quasi-contract claim may be unjust enrichment that is caused by conversion, coercion, fraud, or mistake").

As this court has previously discussed, the Ninth Circuit in *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), interpreted California law and held that while "there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution, . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *McMillan v. Lowe's Home Centers, LLC*, No. 115CV00695 KJM SMS, 2016 WL 232319, at *6 (E.D. Cal. Jan. 20, 2016).  "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"  *Astiana*, 783 F.3d at 762 (quoting *Rutherford Holdings, LLC*, 223 Cal. App. 4th at 231).

However, that plaintiff has not pleaded the absence of an enforceable contract does not doom the claim at the motion to dismiss stage, particularly because the claims here do not expressly arise out of any breach of contract.  *Compare Copart, Inc. v. Sparta Consulting, Inc.*, No. 214-CV-00046-KJM-CKD, 2015 WL 3622618, at *15 (E.D. Cal. June 9, 2015) (rejecting defendant's argument that unjust enrichment claim must be dismissed because there may be enforceable contract), *with Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-CV-02182-KJM-KJN, 2016 WL 829210, at *4 (E.D. Cal. Mar. 3, 2016) (dismissing unjust enrichment claim because complaint's "claims unambiguously arise from alleged breaches of contract" and plaintiff did not plead absence of an enforceable contract).  As defendant appears to recognize, whether the express warranty voids plaintiff's unjust enrichment claim is a question for summary judgment.  *See* Mot. at 20–21 ("Plaintiff has gone to great lengths to avoid mentioning the warranty that came with his dehumidifier.  If Plaintiff seeks to proceed in quasi-contract, Electrolux will address this claim and the warranty at an appropriate time.").

1     Accordingly, defendant's motion to dismiss on this ground is DENIED.

2     C.     Implied Warranty Claim (California Commercial Code Section 2314)

Defendant argues plaintiff's implied warranty claim under California Commercial Code section 2314[2] fails because plaintiff does not "stand in vertical contractual privity with the defendant." Mot. at 21 (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008)). Plaintiff argues there is an exception to this rule for consumers who are the intended third-party beneficiaries of the contract, when a defendant-manufacturer sells its products through a network of authorized dealers who are not the intended beneficiaries of the warranties associated with the product. Opp'n at 20–21 (citing *Clark v. LG Electronics U.S.A., Inc.*, No. 13–cv–485 JM (JMA), 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013)).

Both parties acknowledge there is a split among district courts within the Ninth Circuit on this issue. *See* Opp'n at 22; Reply at 11; *see also Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 854 (N.D. Cal. 2018) (recognizing split in authority). Plaintiff cites several district court cases that have found a third-party beneficiary exception to California's vertical privity rule, while defendant argues that, because no binding authority has found such an exception, a district court should not invent an exception to a California law. Both parties analyze *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008), in which the Ninth Circuit acknowledged "[s]ome particularized exceptions to the [vertical privity] rule exist," listed those exceptions, none of which are relevant here, and found plaintiff's case did not fit within any of those exceptions. *Id.* at 1023. The court then rejected plaintiff's argument that the court should find an additional exception to the rule allowing his case to proceed, stating "[w]e decline this invitation to create a new exception that would permit . . . Clemens's action to proceed . . . California courts have painstakingly established the scope of the privity requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it." *Id.* at 1023–24 (citations omitted).

---

[2] "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

13

Even after *Clemens*, some district courts have cited *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65 (1978), a California case predating *Clemens*, in support of the conclusion that a third-party beneficiary exception is available under California law. In *Gilbert,* the court "allowed the owner of a building to bring an implied warranty claim against a subcontractor who installed a leaky roof in the absence of privity because the owner was an intended third-party beneficiary of the contract between the owner's general contractor and the subcontractor." *Zeiger*, 304 F. Supp. 3d at 854 (citing *Gilbert*, 82 Cal. App 3d at 67, 69). Some courts reconciling *Clemens* and *Gilbert* have concluded that, because *Clemens* did not explicitly mention a third-party beneficiary exception, it does not preclude one, and *Gilbert* suggests there is such an exception. However, *Gilbert* was not a products liability case, and, as the court in *Snyder v. TAMKO Bldg. Prod., Inc.*, 2019 WL 4747950 (E.D. Cal. Sept. 30, 2019) reasoned, "[t]hat the Ninth Circuit does not mention or discuss the third-party beneficiary exception in its list of exceptions to the rule of privity, [] is what persuades this Court and others that *Clemens* forecloses the third-party beneficiary exception to the rule of privity. *Id.* at *7–8 (internal quotation marks and citations omitted).

Following the reasoning in *Snyder* and the precedent set by *Clemens*, and in light of the lack of binding authority holding otherwise, this court, too, declines to find a new exception to the vertical privity requirement that California courts have not declared. *See id.*; *Loomis v. Slendertone Distribution, Inc*., 420 F. Supp. 3d 1046, *1088–89 (S.D. Cal. 2019) ("[N]o published decision of a California court has applied [the third-party beneficiary] doctrine in the context of a consumer claim against a product manufacturer." (citation omitted)).

Accordingly, plaintiff's implied warranty claim under California Commercial Code section 2314 is DISMISSED without leave to amend, *see Leadsinger, Inc.*, 512 F.3d at 532 (noting district court may deny leave to amend where amendment would be futile).

IV.    CONCLUSION

The court GRANTS defendant's motion to dismiss in part and denies it in part:

1.    Plaintiff's false advertising claim is DISMISSED with leave to amend;

/////

    2.  Plaintiff's implied warranty claim under California Commercial Code section 2314 is DISMISSED without leave to amend; and

    3.  The balance of defendant's motion to dismiss is DENIED.

Plaintiff shall file an amended complaint within twenty-one (21) days of this order. This order resolves ECF No. 14.

IT IS SO ORDERED.

DATED: August 28, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE