UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felix Obertman, | No. 2:19-cv-02487-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Electrolux Home Care Products, Inc., | |
| Defendant. | |

Plaintiff requests leave to file certain documents under seal in conjunction with plaintiff's Motion for Class Certification. *See* Req. to Seal, ECF No 46. The documents that incorporate confidential information are:

1. Plaintiff's Motion for Class Certification at 4:4–6, 4:25–5:16, where plaintiff discusses the contents of the three exhibits plaintiff seeks to file under seal.

2. Exhibits 3 and 7 to the Fisher Declaration, ECF No. 47-2, that "contain[ ] proprietary and/or sensitive business information that Defendant has produced in discovery and . . . designated 'Confidential.'" Req. to Seal at 1.

3. Exhibit 12 to the Fisher Declaration, ECF No. 47-2, the Expert Declaration and Report of John M. Tobias, Ph.D, E. Plaintiff seeks for this to be filed under seal because the expert opinion was based on "[c]onfidential information regarding the manufacture and functional characteristics of Defendant's dehumidifier." *Id.*

1

In tandem with this request, plaintiff has filed the motion for class certification with portions of its memorandum already redacted and provided the exhibits it wishes to seal only *in camera*. This is contrary to proper procedure as redactions other than those provided for by the local rules or federal law are not "permitted unless the [c]ourt has authorized the redaction." E.D. Cal. R. 140; E.D. Cal. R. 141(a) ("[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law").

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id*. at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id*. at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the public's interest and the presumption of public access. *Id*. at 1096-97 (quoting *Kamakana v. City and Cty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). The compelling-reasons standard applies even if contents of the motion or its attachments have previously been filed under seal or are covered by a

generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

Here the request to seal is related to plaintiff's motion for class certification. As "[a] motion for class certification is 'more than tangentially related to the merits of [the] case,'" plaintiff must meet the compelling-reasons standard. *See McMorrow v. Mondelez Int'l, Inc.*, No. 17-2327-BAS-JLB, 2021 WL 488337, at *2 (S.D. Cal. Feb. 10, 2021) (citing *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020)). Plaintiff seeks to seal or redact these documents because they "are permeated with information designated by Defendant as 'Confidential' pursuant to the parties' Stipulated Protective Order." Req. to Seal at 1. Plaintiff claims the documents contain "confidential research, development, or commercial information, . . . and/or proprietary information that is not generally available to or accessible by the general public." *Id*. (citing Protective Order, ECF No. 33). However, "the designation of documents . . . as confidential pursuant to [the protective order] does not automatically entitle the parties to file such a document with the court under seal." Protective Order ¶ 1. Plaintiff does nothing to show how the threshold for sealing or redacting these documents is met. Accordingly, the request is **denied, but with the possibility of renewal**.

This order resolves ECF No. 46.

IT IS SO ORDERED.

DATED: July 7, 2021.

CHIEF UNITED STATES DISTRICT JUDGE